IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KIMBERLY WALLIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO._____ |
| | ) | |
| CARGILL MEAT SOLUTIONS | ) | Title VII & ADA |
| CORPORATION, a Delaware Corporation, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KIMBERLY WALLIS, by and through her attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., R. Gerald Barris and John A. Kauerauf, of counsel, complaining of Defendant, and alleges:

### JURISDICTION AND VENUE

1. This action is brought to remedy discrimination on the basis of sex based upon sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000 e *et seq*. ("Title VII"). This action is also brought to redress violations of the Americans with Disabilities Act of 1990 ("ADA"), specifically, the failure to accommodate in violation of the ADA, 42 U.S.C. Section 12101, *et. seq.*.

2. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343 (1), (2), (3) and (4) and the aforementioned statutory provisions. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. §2000 e–5(f) and (g) along with monetary relief for damages.

{S0510343.5 7/7/2006 RGB BJB}

3. At all times mentioned in the Complaint, the Defendant was an employer and the Plaintiff was an employee under Sections 701(b) & (f) of 42 U.S.C. § 2000 e(b) & (f) and 42 U.S.C. § 12111.

4. Pursuant to 28 U.S.C. 1391(b), venue is proper within the Springfield Division of the Central District of Illinois because the unlawful practices complained of herein occurred in Cass County, Illinois.

5. Plaintiff, KIMBERLY WALLIS, filed a charge of discrimination against Defendant CARGILL MEAT SOLUTIONS CORPORATION with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights on or about December 21, 2005, complaining of the acts of sexual harassment and ADA violations as alleged herein. (Attached hereto and incorporated herein as **Exhibit 1** is a true and exact copy of said charge). On or about May 15, 2006, the United States Equal Employment Opportunity Commission notified KIMBERLY WALLIS of her right to institute this action by issuance of a "Notice of Right to Sue" on her charge. (Attached hereto and incorporated herein as **Exhibit 2** is a true and exact copy of said Notice).

## PARTIES

6. Plaintiff, KIMBERLY WALLIS, is a female citizen of the United States. She has been employed by CARGILL MEAT SOLUTIONS CORPORATION in Cass County, Illinois, since March 1, 2004. Plaintiff is currently on temporary disability caused by the sexual harassment from her co-worker as alleged further in this Complaint. Plaintiff resides in Virginia, Illinois. At all times relevant hereto, Plaintiff has suffered from the disability of being profoundly deaf and this disability is unable to be corrected. Plaintiff's disability, affected and

severely restricted Plaintiff's activities of daily living in that she has been substantially restricted in both home and work activities as follows:

    a. Work Activities that were restricted:

        1. She is unable to understand spoken directions and needs to read lips in order to understand directions;

        2. She is unable to understand explanations and discussions with her Supervisors concerning the investigation and decisions made by Defendant in response to her complaint of sexual harassment.

    b. Home Activities that are restricted:

        1. She is profoundly deaf and can only watch television with closed captioned.

        2. She wears a hearing aid in her left ear and communicates with family, her children and friends by a combination of lip reading, assistance of sign language and speech.

7. Defendant, CARGILL MEAT SOLUTIONS CORPORATION operates a pork processing plant in Cass County, Illinois. At all times relevant hereto, Defendant acted by and through following Managerial Staff:

    A. Terry Cagle, was a lead man who would be responsible for supervising Plaintiff's work if a line supervisor was not at the scene of the work.

    B. Fred Ross, was a line supervisor for the line on which Plaintiff worked and was Plaintiff's direct supervisor.

    C. Scott Thornton was a line supervisor for another line at Plaintiff's place of work.

  D. Stacy Garcia was a supervisor in training of another line at Plaintiff's place of work.

  E. Sam (last name unknown) was a supervisor over Fred Ross at Plaintiff's place of work.

  F. Craig (last name unknown) was a supervisor over Fred Ross at Plaintiff's place of work.

  G. John Curry was a training instructor who Defendant called in sometimes to serve as a translator for Plaintiff and other deaf employees at Plaintiff's place of work.

## ALLEGATIONS COMMON TO ALL COUNTS

1-7. Plaintiff repeats and realleges paragraphs 1-7 herein with the same force and effect as if fully set forth herein.

8. Plaintiff was originally employed by CARGILL MEAT SOLUTIONS CORPORATION, as a transferor of meat products.

9. Plaintiff was promoted by Defendant to the position of meat skinner in May 2005.

10. Meat skinners work in teams of three employees processing meat through three high speed cutting machines.

11. Skinning requires the employees to pass meat into the aforementioned high speed cutting machines. The meat skinner's job is physically demanding and requires a great deal of concentration by the employee. The meat skinner's job is quite dangerous because there are no guards on the high speed cutting machines used by the meat skinners.

12. Because of the high speed of the processing operation, the meat skinner team members are required to rotate to a different machine every 30 minutes and to take a 15 minute break every hour.

13. At all times relevant hereto, Plaintiff performed her job duties as meat skinner in a manner considered acceptable by the Defendant and received positive performance reviews.

14. In July 2005, Ishmael Rivera ("Rivera") was assigned by Defendant to work with Plaintiff and another employee as a meat skinning team.

15. Beginning on the first day of Ishmael Rivera's assignment to Plaintiff's meat skinning team, and continuing on a daily basis thereafter, Rivera engaged in a course of the following unwelcome and sexually offensive conduct directed at the Plaintiff because of her sex that was severe and pervasive and unreasonably affected the Plaintiff's ability to perform her job.

   A. Rivera made ongoing comments to the Plaintiff that he would be waiting for her in the parking lot before and after work.

   B. Rivera consistently told Plaintiff that he knew she wanted him.

   C. Rivera would grab her hands when she was working on a meat trimming machine.

   D. Rivera told her she had long hair and it was very sexy.

   E. When Plaintiff and Rivera would switch positions on the line, Rivera would place his hands on Plaintiff's hips.

   F. Rivera told the Plaintiff he could eat pussy very good.

   G. Even though employees were prohibited by Defendant from carrying cell phones on the line, Rivera would violate this rule and take photographs of Plaintiff and ask her to look at them.

  H. Rivera would tell Plaintiff that she looked good in tight blue jeans.

  I. Rivera would tell Plaintiff he would be waiting for her in the break room.

  J. If Plaintiff would not pay attention to Rivera or not respond to his remarks, Rivera would grab Plaintiff's hands, or start tossing meat, or refuse to switch machines at the end of 30 minutes which would cause severe emotional and physical distress to Plaintiff because she had to continue cutting and processing the pork for a longer period of time than the job could be safely done.

16. Plaintiff made repeated complaints to the lead man, Terry Cagle, about Rivera's conduct and comments. Mr. Cagle never took any action to correct the situation and stop Rivera from harassing Plaintiff.

17. After the harassment continued for approximately a month, the Plaintiff contacted Scott Thornton, a supervisor of another line. Mr. Thornton took Plaintiff off her line and escorted her to Fred Ross, her supervisor who was then in the break room. At that time Plaintiff explained in detail Rivera's actions and how it was affecting her ability to perform her job safely. Ross and Thornton discussed the problem. No sign interpreter was provided and Plaintiff was not able to understand completely what the supervisors talked about. Ross told Plaintiff that he would take care of the problem and sent her back to the line. Later that afternoon, Ross called Rivera and Plaintiff together to his office. Ross told Rivera of Plaintiff's complaint and that he was going to write a report. Rivera denied Plaintiff's complaints and started talking quietly with Ross. Again, no sign interpreter was present and Plaintiff could not understand what was being said. Ross told Plaintiff that the harassment would stop.

18. Rivera's harassment of Plaintiff did not stop and he continued to make repeated comments similar to those alleged in paragraph 15 above. Plaintiff complained repeatedly to her supervisor, Fred Ross. Finally, sometime in September 2005, another meeting was held attended by Fred Ross and his supervisor, Craig (last name unknown), Rivera and Plaintiff. John Curry attended and attempted to sign and interpret to Plaintiff what the men were discussing. Mr. Curry repeatedly apologized to Plaintiff about his inability to sign quicker. John Curry told Plaintiff he could not keep up with the conversation and could only summarize what was being said by Rivera, Ross or Craig. Ross or Craig told Plaintiff they would pay more attention to what went on and they would watch the line more.

19. After the meeting Rivera continued his practice of making harassing comments to Plaintiff, refusing to switch machines on line, grabbing her hand and taking meat out of the line causing her to be distracted.

20. On September 28, 2005, Rivera continued his practice of making harassing comments and refused to switch positions. Plaintiff refused to look at Rivera. Rivera then became mad because Plaintiff would not acknowledge him and began to throw meat at her. Rivera then refused to switch machines after 30 minutes. No supervisor was on Plaintiff's line so Plaintiff called to a supervisor in training, Stacy Garcia, who started to walk over toward her. Because of Rivera's refusal to switch machines and his other antics, Plaintiff was distracted. All of this commotion and activity distracted Plaintiff and her hand was caught in the cutting machine she operated. Plaintiff lost her thumb and a finger on her left hand when her hand was caught in the machine. The thumb has been reattached but cannot be used.

21. Plaintiff at all times herein was forced to endure a sexually hostile work environment perpetrated by Rivera. Despite repeated complaints by Plaintiff to her and Rivera's

supervisors, Defendant took no disciplinary or other action to prevent further harassment by Rivera.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has lost a finger on her left hand and has been forced to endure severe and prolonged mental anguish, humiliation, embarrassment, extreme damage to her professional and personal reputation, damage to her career opportunities, damage to her physical health and monetary losses associated with her employment all of which have affected seriously the psychological well-being of the Plaintiff.

23. Defendant's discriminatory treatment of the Plaintiff as described above has been intentionally taken against the Plaintiff by the Defendant.

## COUNT I

1-23. Plaintiff repeats and realleges paragraphs 1-23 with full force and effect as if fully set forth herein.

24. At all times relevant herein, the Defendant CARGILL MEAT SOLUTIONS CORPORATION acted by and through its employees and agents, Ishmael Rivera, Terry Cagle, Fred Ross and Craig (last name unknown).

25. By the above acts, Defendant, CARGILL MEAT SOLUTIONS CORPORATION, has violated Title VII by discriminating against Plaintiff because of her sex by creating an unwelcome sexually hostile work environment that was severe and pervasive and affected the Plaintiff's ability to perform her job and seriously affected the psychological well-being of the Plaintiff.

26. Defendant's acts have been with malice and reckless disregard for Plaintiff's federally protected civil rights.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT II
## ADA-FAILURE TO ACCOMMODATE

1-27. Plaintiff repeats and realleges paragraphs 1-27 of Count I as and for paragraphs 1-27 of Count II with the same force and effect as if fully set forth herein.

28. At all times relevant hereto, Plaintiff was profoundly deaf that permanently affected and severely restricted her activities of daily living, including work and home activities all as previously alleged herein.

29. Defendant was aware of the Plaintiff's disability.

30. From the date of her employment with the Defendant, Plaintiff was fully capable of and could fully perform the essential job junctions of her jobs as transferring product and/or meat skinner.

31. Defendant refused to accommodate the Plaintiff's disability and refused to provide the Plaintiff with a qualified translator to assist her in reporting sexual harassment by Ishmael Rivera or assist her in understanding what policies or actions Defendant would take to stop this harassment.

32. Defendant violated the ADA by refusing to provide the Plaintiff with reasonable accommodation of her disabilities and perceived disabilities in violation of Title VII of the ADA, 42 U.S.C. § 12111, *et seq.*

33. Defendant's acts have been intentional with malice and reckless disregard for Plaintiff's federally protected civil rights.

34. Plaintiff is now suffering and will continue to suffer irreparable injury in monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, KIMBERLY WALLIS, prays that the Court enter a judgment against CARGILL MEAT SOLUTIONS CORPORATION:

A.  Declaring that the acts and practices complained of herein are in violation of Title VII and the ADA.

B.  Enjoining and permanently restraining these violations of Title VII and the ADA and ordering that the Plaintiff's personnel file be expunged of any negative and false inflammatory material and statements.

C.  Enjoining and permanently restraining these violations of the ADA and Ordering the Defendant to provide the Plaintiff with a reasonable accommodation to perform her necessary job duties AT AN AVILABLE JOB.

D.  Directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff's employment opportunities.

E.  Directing Defendant to pay Plaintiff compensatory and punitive damages for the injuries suffered as a result of the violations of Title VII and the ADA.

F.  Entering judgment in her favor against the Defendant in the amount of Three Hundred Thousand Dollars ($300,000.00) for compensatory damages and punitive damages for each violation of Title VII and the ADA.

G.  Awarding Plaintiff the costs of this action together with reasonable attorney fees.

H.    Granting such other and further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS CONTAINED HEREIN.**

Dated in Springfield, Illinois this 13th day of July, 2006.

KIMBERLY WALLIS, Plaintiff,

By: # R. Gerald Barris
  One of Her Attorneys
Sorling, Northrup, Hanna,
Cullen & Cochran, Ltd.
R. Gerald Barris (#123323) and
John A. Kauerauf (#6193413), of Counsel
Suite 800 Illinois Building
P.O. Box 5131
Springfield, IL 62705
Telephone: 217.544.1144
Fax: 217.522.3173
E-Mail: rgbarris@sorlinglaw.com
and jakauerauf@sorlinglaw.com

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

06M1122.05

**AGENCY:** ☒ IDHR  ☐ EEOC

**CHARGE NUMBER:** 2006SF1570

Illinois Department of Human Rights and EEOC

RECEIVED DEC 21 2005 Dept. of Human Rights

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Kimberly Wallis | 217-323-2359 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 719 Humbolt | Beardstown, Il 62618 | 03/30/76 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| Cargill Meat Solutions Corp | | 217-323-3774 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | |
|---|---|---|
| 8295 Arenzville Rd | Beardstown, Il 62618 | Cass County |

**CAUSE OF DISCRIMINATION BASED ON:**

SEXUAL HARASSMENT   HANDICAP

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)  LATEST (ALL)
/ /   11-16-05
11-16-05
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS
   1.  Sexual harassment from July 2005, continuing through Nov 16, 2005.
   B.  PRIME FACIA ALLEGATIONS
   1.  My sex is female.
   2.  I was sexually harassed from July 2005, continuing through Nov 16, 2005. The sexual harassment was perpetrated by Ishmael Rivera, a co-worker, and consisted of sexual comments and propositions and the inappropriate touching of me.
   3.  I opposed the sexual to management yet it has continued.
   4.  The sexual harassment created a hostile, intimidating work environment that not only interfered with my ability to perform my duties but on Sept 28, 2005, the continued harassment caused a severe work related accident wherein I incurred the loss of a finger.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

[signature] Carol Robeson  12-14-05
NOTARY SIGNATURE   MONTH DATE-YEAR

"OFFICIAL SEAL"
Carol J. Robeson
Notary Public, State of Illinois
My Commission Expires 08/17/2007

NOTARY SEAL

PLAINTIFF'S EXHIBIT 1

x [signature] Kimberly Wallis  12/14/05
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty of perjury that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant:
Charge Number:

II. A. ISSUE/BASIS
  1. Failure to accommodate physical handicap, hearing impairment from July 2005, continuing through Nov 16, 2005.
 B. PRIMA FACIA ALLEGATIONS
  1. I am handicapped within the meaning of the Illinois Human Rights Act Section 1-103(I).
  2. Respondent was fully aware of my handicap.
  3. I had opposed sexual harassment from July 2005, continuing through Nov 2005. During this time period Respondent allegedly performed an investigation related to my allegation of sexual harassment. Although I repeatedly ask for the accommodation of an interpreter, the request was denied throughout the period of time as cited. Because of the denial of accommodation I was never able to understand why the perpetrator of sexual harassment was seemingly never disciplined.
  4. My handicap was unrelated to my ability to perform my duties provided accommodation was afforded.

EEOC Form 161-B (3/98) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Kimberly Wallis<br>719 Humbolt<br>Beardstown, Illinois 62618<br><br>Certified Mail No. 7000 1670 0012 6746 2531<br>(CP Atty) | From: | Equal Employment Opportunity<br>Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00673 | Nola Smith, State/Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*     5/15/06

John P. Rowe, District Director     *(Date Mailed)*

Enclosure(s)

cc: **Cargill Meat Solutions**



PLAINTIFF'S EXHIBIT 2

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>RECEIVED<br>FEB 21 2006<br>Dept. of Human Rights<br>06M1122.05A<br>Illinois Department of Human Rights and EEOC | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2006SF1570<br>21BA60673 |
|---|---|---|

| NAME (indicate Mr. Ms. Mrs.)<br>Kimberly Wallis | HOME TELEPHONE (include area code)<br>217-323-2359 | |
|---|---|---|
| STREET ADDRESS<br>719 Humbolt | CITY, STATE AND ZIP CODE<br>Beardstown, Il 62618 | DATE OF BIRTH<br>/ / |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Cargill Meat Solutions | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (Include area code)<br>217-323-3774 |
|---|---|---|
| STREET ADDRESS<br>8295 Arenzville Rd | CITY, STATE AND ZIP CODE<br>Beardstown, Il 62618 | Cass County |

| CAUSE OF DISCRIMINATION BASED ON:<br>SEXUAL HARASSMENT  HANDICAP<br>TECHNICAL AMENDMENT<br>*This Technical Amendment is being made to correct Respondent's name. | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>/ /  11/16/05<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I. A. ISSUE/BASIS
  1. Sexual harassment from July 2005, continuing through Nov 16, 2005.
 B. PRIME FACIA ALLEGATIONS
  1. My sex is female.
  2. I was sexually harassed from July 2005, continuing through Nov 16, 2005. The sexual harassment was perpetrated by Ishmael Rivera, a co-worker, and consisted of sexual comments and propositions and the inappropriate touching of me.
  3. I opposed the sexual to management yet it has continued.
  4. The sexual harassment created a hostile, intimidating work environment that not only interfered with my ability to perform my duties but on Sept 28, 2005, the continued harassment caused a severe work related accident wherein I incurred the loss of a finger.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

_Carol Robeson_ 2-15-06
NOTARY SIGNATURE   MONTH DATE-YEAR

"OFFICIAL SEAL"
Carol J. Robeson
Notary Public, State of Illinois
My Commission Expires 08/17/2007

NOTARY SEAL

x _Kimberly G Wallis_ 02-15-06
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

Complainant:     Kimberly Wallis
Charge Number:   2006SF1570

II. A.  ISSUE/BASIS
   1. Failure to accommodate physical handicap, hearing impairment from July 2005, continuing through Nov 16, 2005.
   B. PRIMA FACIA ALLEGATIONS
   1. OI am handicapped within the meaning of the Illinois Human Rights Act Section 1-103(I).
   2. Respondent was fully aware of my handicap.
   3. I had opposed sexual harassment from July 2005, continuing through Nov 2005. During this time period Respondent allegedly performed an investigation related to my allegation of sexual harassment. Although I repeatedly ask for the accommodation of an interpreter, the request was denied. Because of the denial of accommodation I was never able to understand why the perpetrator of sexual harassment was seemingly never disciplined.
   4. My handicap was unrelated to my ability to perform my duties provided accommodation was afforded.

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well **in advance of the expiration of the 90-day period.**

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court.**

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WA INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUESTS FOR REVIEWIN( AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, at i discretion, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this reque of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day perio mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day perio

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserve Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE IN WRITING WHEN TH LAWSUIT IS RESOLVED.

5/11/2000

...ou have been notified of your r[ight] to file suit in Federal District Court. Suit is ordinarily filed [in] the District Court having jurisdiction of the county in which the employer, against whom you file [a] charge of employment discrimination, is located. The telephone number listed for each District is [th]at of the Clerk of the Court.

[U.]S. District Court
[No]rthern District of Illinois
[Ea]stern Division at Chicago
[21]9 South Dearborn Street
[Ch]icago, Illinois  60604
[31]2/435-5670

### Counties

| | |
|---|---|
| [Co]ok | Kendall |
| [Du]Page | Lake |
| [Gr]undy | LaSalle |
| [Ka]ne | Will |

[U.]S. District Court
[No]rthern District of Illinois
[We]stern Division at Rockford
[21]1 South Court Street
[Fe]deral Building
[Ro]ckford, Illinois  61101
[81]5/987-4355

### Counties

| | |
|---|---|
| [B]oone | McHenry |
| [Ca]rroll | Ogle |
| [De]Kalb | Stephenson |
| [Jo]Daviess | Whiteside |
| [Le]e | Winnebago |

[U.]S. District Court
[So]uthern District of Illinois
[75]0 Missouri Avenue
[Ea]st St. Louis, Illinois  62201
[61]8/482-9370

and

[30]1 West Main Street
[Be]nton, Illinois  62812
[61]8/438-0671

### Counties

| | |
|---|---|
| [Al]exander | Johnson |
| [Bo]nd | Lawrence |
| [Ca]lhoun | Madison |
| [Cl]ark | Marion |
| [Cl]ay | Massac |
| [Cl]inton | Monroe |
| [Cr]awford | Perry |
| [Cu]mberland | Pope |
| [Ed]wards | Pulaski |
| [Ef]fingham | Randolph |
| [Fa]yette | Richland |
| [Fr]anklin | St. Clair |
| [Ga]llatin | Saline |
| [Ha]milton | Union |
| [Ha]rdin | Wabash |
| [Ja]ckson | Washington |
| [Ja]sper | Wayne |
| [Je]fferson | White |
| [Je]rsey | Williamson |

U.S. District Court
Central District of Illinois
Urbana Division
201 South Vine
218 U.S. Courthouse
Urbana, Illinois  61801
217/373-5830

### Counties

| | |
|---|---|
| Champaign | Kankakee |
| Coles | Macon |
| Douglas | Moultrie |
| Edgar | Piatt |
| Ford | Vermilion |
| Iroquois | |

Peoria Division

100 N.E. Monroe Street
135 Federal Building
Peoria, Illinois  61602
309/671-7117

### Counties

| | |
|---|---|
| Bureau | McLean |
| Fulton | Peoria |
| Hancock | Putnam |
| Knox | Stark |
| Livingston | Tazewell |
| Marshall | Woodford |
| McDonough | |

Rock Island Division
211 - 19th Street
Rock Island, Illinois  61201
309/793-5778

### Counties

| | |
|---|---|
| Henderson | Rock Island |
| Henry | Warren |
| Mercer | |

Springfield Division
600 East Monroe Street
Springfield, Illinois  62701
217/492-4020

### Counties

| | | |
|---|---|---|
| Adams | Logan | Pike |
| Brown | Macoupin | Sangamon |
| Cass | Mason | Schuyler |
| Christian | Menard | Scott |
| DeWitt | Montgomery | Shelby |
| Greene | Morgan | |

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wallis, Kimberly

## DEFENDANTS
Cargill Meat Solutions Corporation

(b) County of Residence of First Listed Plaintiff: **Cass**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., 607 East Adams, 800 Illinois Building, Springfield, IL  62701/217-544-1144

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec.2000 and 42 U.S.C. Sec. 12101

Brief description of cause:
Sexual Harassment in Employment, Failure to provide ADA reasonable accomodation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 300,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 7/13/06

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE